UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANTHONY SPENCER GREEN §
§
Plaintiff, §
§ Civil No. SA-16-CV-01159-RCL
v. §
§
JOE A. GAMEZ §
§
Defendant. §

## Memorandum Opinion:
## Denying Plaintiff's Motion for Default Judgment
## Dismissing Plaintiff's Case as Frivolous and for Failure to State a Claim

Before the Court is plaintiff Green's Motion for Default Judgment (ECF #11). For the following reasons, the Court will **DENY** Green's Motion for Default Judgment. The Court, acting *sua sponte*, will also **DISMISS** Green's lawsuit for frivolity and for failing to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff Green is a *pro se* litigant proceeding *in forma pauperis*. (ECF #2; ECF #3). Although his complaint is poorly organized, the Court interprets it to allege the following facts and causes of action.

Green alleges that he was struck by a minivan and taken to the Brooke Army Medical Center ("BAMC") at Fort Sam Houston in San Antonio, TX, for treatment in December 2012. (ECF #3 at 5). He alleges that, while there, the hospital implanted him with a radio-frequency identification ("RFID") chip connecting him to a "NASA/military/government computer cloning frequency monitoring program" against his will. (*Id.*). Following this incident, he claims that he

1

retained defendant Gamez's law firm to represent him in the case on two separate occasions.[1] (*Id.*). On both occasions, according to Green, Gamez's firm dropped the case. (*Id.*).

Green has now brought suit against Gamez (not his firm, not BAMC, not the Government, and not the driver of the minivan that allegedly hit him) under 42 U.S.C. § 1983, alleging that Gamez is part of a conspiracy involving the RFID "program that is holding me a prisoner with my life being threatened & in danger at all times." (*Id.* at 6). Green seeks between one and fifty million dollars to compensate him for his medical bills, back child support, lost income,[2] stress and mental anguish and also as damages for the "illegal program [the] Government has [Green] in . . . put[ting] my life & family in danger." (*Id.*). Green also asks that this Court order an investigation into the alleged conspiracy. (*Id.*).

Green filed his complaint on December 15, 2016. (ECF #3). He now moves for default judgment to be entered against Gamez. (ECF #11).

## Plaintiff's Motion for Default Judgment

Green asks that the Court enter a judgment by default against Gamez pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. (ECF #11). The Court will deny this motion.

### I. Green Failed to Follow the Proper Procedures to Obtain a Default Judgment.

Green has not followed the proper procedures for obtaining a default judgment. The procedural rules governing default are found in Rule 55. Rule 55 outlines two steps a party must follow in order to receive a judgment by default. For the first step, the party must ask the clerk of the court to enter default against the defendant due to the defendant's "failure to plead or otherwise

---

[1] This is what the Court interprets Green's assertions that "Mr. Gamez hired on at 33% Jan. of 2012" and "[h]e hired for the 2nd time at 50%" to mean. (ECF #3 at 5).

[2] In his complaint, Green states that his ordeal left him unable to "work[] for over 4 years now" and with "[n]o career opportunity." The Court, interpreting these statements liberally as it must with *pro se* complaints, takes this to mean that Green is asking for lost income for at least the time since his accident.

2

defend." (Fed. R. Civ. P. 55(a)). Only once the clerk has entered default may the party then, as the second step, seek an entry of default judgment. (Fed. R. Civ. P. 55(b)).

Here, the clerk has not entered default against Gamez and there is no indication that Green has asked the clerk to do so. For that reason alone, Green's Motion for Default must be denied.

But even if the Clerk had entered default against Gamez, Green's Motion for Default Judgment is not procedurally proper. After the clerk enters default, the plaintiff may seek entry of default judgment. There are two ways of doing this. (Fed. R. Civ. P. 55(b)). If "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request with an affidavit showing the amount due—must enter judgment for that amount and costs." (Fed. R. Civ. P. 55(b)(1)). But if the claim is not for a demonstrable, certain sum, then "the party must apply to the court for a default judgment," and the grant of that judgment is within the Court's discretion. (Fed. R. Civ. P. 55(b)(2)).

Here, Green moves for an entry of default judgment pursuant to Rule 55(b)(1). (ECF #11). The Court cannot enter default judgment in this case under Rule 55(b)(1) for two reasons. First, it is the clerk of the court, not the Court itself, that enters default judgment under Rule 55(b)(1). Second, default judgment may be entered under Rule 55(b)(1) only when the underlying claim "is for a sum certain or a sum that can be made certain by computation." (Fed. R. Civ. P. 55(b)(1)). But Green's is not such a claim. He asks for monetary damages in the range of "$1,000,000 to $50,000,000"—hardly a sum certain. (ECF #3 at 6). Green also asks for damages resulting from "stress & mental anguish" and damages relating to a conspiracy "holding [him] a prisoner with [his] life being threatened & in danger at all times." (*Id.*). Damages for claims such

3

as these cannot be "made certain by computation." (Fed. R. Civ. P. 55(b)(1)). For that reason, a default judgment under Rule 55(b)(1) would be improper even if the Court could grant it.

### II. The Court Will Not Enter Default Judgment Against Gamez Because There Is No Indication that Gamez Was Ever Served with Process.

Rule 4 of the Federal Rules of Civil Procedure governs summons and the service of process. Rule 4(c)(1) says that the "plaintiff is responsible for having the summons and complaint served [on the defendant] within the time allowed by Rule 4(m)." The time allowed by Rule 4(m) in which to serve process on the defendant is 90 days after the complaint is filed. Green filed his complaint on December 15, 2016. (ECF #3). This means that Green had until March 15, 2017, to serve Gamez with process. But there is no evidence that Green served Gamez with process by that date. There is no evidence that Green ever served Gamez with process at all. There is no docket entry indicating that process was served. Green provides no proof of service of process.

Because Green has not served Gamez with process, the Court will not enter a default judgment against Gamez. To do so would be entirely unfair as Gamez has had no notice of this lawsuit and, consequently, no opportunity to defend himself.

When faced with a failure to effect service of process by a *pro se* defendant, the Court's normal course of action, pursuant to Rule 4(m), would be to "order that service be made within a specified time." (Fed. R. Civ. P. Rule 4(m)). But the Court will not take this course of action because Green's lawsuit is frivolous and fails to state a claim on which relief can be granted and should be dismissed.

### Plaintiff's Lawsuit Is Frivolous and Will Be Dismissed without Prejudice

The filing of lawsuits by *pro se* plaintiffs proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts" by exempting indigent litigants from the customary "prepayment of

fees or security therefor." (28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (superseded on other grounds by statute as stated in *Lopez v. Smith*, 202 F.3d 1122, 1130–1131 (9th Cir. 2000)). But this exemption removes the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." (*Neitzke*, 490 U.S. at 324). In order to prevent such frivolous litigation by indigent litigants, § 1915(e)(2) includes provisions requiring that a court dismiss cases filed *in forma pauperis* "if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." (28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii)). Courts dismiss such actions *sua sponte*. (*See Neitzke*, 490 U.S. at 324).

The Court now acts *sua sponte* to dismiss Green's claims against Gamez both because they are frivolous and because they fail to state a claim on which relief can be granted.

Green's allegations are exactly the sort of "fanciful factual allegation[s]" that § 1915(e)(2) contemplates. (*Id.*). Green's allegations of a government conspiracy, in which Gamez is somehow involved, to implant him with RFID chips with cloning frequencies that constantly threaten his life are beyond implausible. Therefore, insofar as any of Green's claims arise from this alleged conspiracy, they must be dismissed as frivolous.

Not only are Green's claims frivolous, they are legally untenable. Green fails to state a claim under which relief may be granted. As his sole cause of action, Green lists "28 [illegible] 1983." (ECF #3-1 at 1). The Court interprets this as an attempt to assert a claim under 42 U.S.C. § 1983 because 28 U.S.C. § 1983 does not exist. An essential ingredient of a § 1983 claim is that the defendant must have acted under color of state law. (*Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)). The only defendant in this case is Gamez, a private individual. But § 1983 does not reach the conduct of purely private persons, and there is no allegation in Green's complaint that Gamez

acted in such a manner that his conduct could be considered state action. Therefore, Green fails to plead facts sufficient to state a § 1983 claim against Gamez and that claim must be dismissed.

## Conclusion

Because the allegations in Green's complaint are frivolous and because they would fail to state a claim even if they weren't, this case must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The dismissal will be without prejudice. Beyond the impossible conspiracy, Green alleges that he was struck by a van and then had a falling out with a personal injury attorney. That is plausible. If Green believes that he has any legitimate claims against Gamez or his law firm arising from his interaction with them, he may file another lawsuit asserting them. But this Court exhorts Green to assert only plausible claims and to follow all necessary procedural steps should he choose to do so.

For these reasons, Green's Motion for Default Judgment (ECF #11) will be **DENIED** and the Court will order that this case be **DISMISSED WITHOUT PREJUDICE**. All other outstanding motions in the case will be **DENIED AS MOOT**.

A separate order will follow.

SIGNED this 27th day of November, 2017.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE

6